# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSELMO SOLORIO, | 15-cv-657 DAD-EPG |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| JUDGE JOHNSON *et al.*, | |
| Defendants. | (Docs. 13 and 16) |

## I. INTRODUCTION

Plaintiff, Anselmo Solorio ("Plaintiff") appearing *pro se* and *informa pauperis*, has filed numerous documents including a Complaint (Doc. 1), a "Motion Requesting a Change of District" (Doc. 13), a First Amended Complaint (Doc. 14), a Motion for Court Documents (Doc. 16), a Second Amended Complaint (Doc. 17), a Notice (Doc. 18), as well as miscellaneous court documents.[1] (Doc. 10). Upon a review of the pleadings, the Court dismisses all of the complaints filed with leave to amend. Furthermore, Plaintiff's Motion Requesting a Change of District, and his Motion for Court Documents are denied. (Doc. 13 and 16).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or

---

[1] Plaintiff also filed a Motion for Preliminary Injunction (Doc. 11) which will be addressed by a separate order.

1

malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id*. Leave to amend may be granted to the extent that the deficiencies in the Complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Courts deem a complaint "frivolous" when it lacks "basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989). In other words, a complaint is frivolous where the litigant asserts "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. at 1949-50 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

To determine whether a Complaint states an actionable claim, the Court must accept the allegations in the Complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

\\\
\\\
\\\

**B. Plaintiff's Complaints**

*1. Motions Related to Plaintiff's Criminal Case*

After filing the initial Complaint, Plaintiff filed two amended Complaints without obtaining leave of the court to do so. (Docs. 1, 14, 17). All of the Complaints are difficult to read because they are not legible or coherent. Moreover, many of the documents allege facts involving different incidents and name several defendants.

Although the allegations are unclear, the initial Complaint and subsequent filings raise claims related to Plaintiff's ongoing criminal matter in the Potterville Superior Court. (Docs. 1, 10, 13, 14, 16, and 17). Moreover, his Second Amended Complaint includes excessive force claims against officers that occurred while he was in pretrial detention on his criminal case. Plaintiff has also filed a document entitled, "Motion to Change District," and a Motion for Court Documents that appear to request that his state criminal proceedings be transferred to this Court, or that this Court make orders relating to his pending state criminal case. (Docs. 13 and 16).

As a preliminary matter, Plaintiff is advised that he cannot file claims based on numerous incidents in one case. Plaintiff must file a separate case based on each alleged incident. At this juncture, Plaintiff has filed so many documents in this case that the Court is unable to discern which claims Plaintiff wishes to pursue. Therefore, the Court will give Plaintiff leave to amend his complaints consistent with the instructions outlined below.

With regard to the allegations of misconduct by state officials in his pending criminal case, Plaintiff is advised that in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971), the Supreme Court held that a federal court was prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that warrant federal intervention. *Id*. at 43–54; *see Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (Younger Abstention applies to actions for damages). Under the Younger Abstention Doctrine, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). Younger abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings

implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515; *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

When an injunction is sought and Younger applies, the Ninth Circuit has held that dismissal of the federal case is appropriate. *Gilbertson*, 381 F.3d at 981. ("When an injunction is sought and Younger applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, permanently by dismissing the federal action because the federal court is only being asked to stop the state proceeding"). However, "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d at 968; *accord Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689–90 (9th Cir. 2009) ("[B]ecause in damages cases there may yet be something for the federal courts to decide after completion of the state proceedings ... [t]he district court—quite appropriately—did not dismiss under Younger but stayed the proceedings pending the final decision of the California courts.").

Plaintiff seeks both injunctive relief and monetary damages in his complaints the alleged constitutional violations during his criminal case. At this juncture, it appears that Younger abstention applies since Plaintiff's case was ongoing at the time he filed this action. Moreover, it is well established that enforcement of criminal matters implicates an important state interest. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13, 107 S.Ct. 1519 (1987) (enforcement of state court judgments and orders implicates important state interests); *see also People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir.1987) ("A [state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty."). Finally, Plaintiff can raise his constitutional claims related to his ongoing criminal case in the state court since he can appeal any unfavorable decision to the state appellate court. "Younger requires only the absence of 'procedural bars' to raising the federal claim in the state proceedings." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) ("Appellees need be accorded only

an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings, and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate"). Here, no procedural bars appear to be present. Thus, this court is not able to issue orders related to Plaintiff's criminal proceedings, or transfer Plaintiff's criminal proceedings to this district.

In other words, this Court will not hear a case in which Plaintiff is complaining about his ongoing state case, nor will it terminate the state criminal case. Accordingly, Plaintiff's Motions to Change District and his Motion for Court Documents (Docs. 13 and 16) are DENIED.

Moreover, under *Wallace v. Kato*, 549 U.S. 384, 393–94, 127 S.Ct. 1091, 1098 (2007), if a plaintiff files any claim related to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case has ended. Furthermore, if Plaintiff is ultimately convicted in his criminal case, and if the stayed civil suit would impugn the conviction, this Court would dismiss the federal action. *Heck v. Humphrey*, 512 U.S. 481-482, 114 S.Ct. 2364 (1994) (a § 1983 action for damages will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction."). Therefore, depending on the damages Plaintiff is seeking, any federal civil case regarding his state criminal case would need to be dismissed, or stayed pending the resolution of the criminal matter, and will be dismissed if Plaintiff is convicted until all appeals are exhausted.

In short, this Court will not rule on issues that concern Plaintiff's ongoing state criminal case at this stage of his criminal proceedings.

Finally, it appears that Plaintiff has filed a Habeas Petition in the Supreme Court of California. (Doc. 10). Plaintiff is advised that if he is convicted, and he thinks that conviction was made in error, Plaintiff may appeal though the state appeal process, and only after that, in certain circumstances, Plaintiff may file a petition for habeas corpus in this Court. However, prisoners in state custody "cannot use a § 1983 action to challenge 'the fact or duration of [their] confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). After a conviction, a habeas corpus petition is the appropriate avenue for

5

relief to invalidate their imprisonment. *Id*.

What is important at this time is that this Court will not stop Plaintiff's state criminal proceedings in the middle, and it will not transfer this case to federal court.

Notwithstanding the above, the Court will provide Plaintiff with some standards regarding filing a section 1983 claim so he can evaluate if he wishes to file an amended complaint in this case.

### 2. *42 U.S.C. § 1983*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law …

42 U.S.C. § 1983.

Therefore, to state a claim under section 1983, a plaintiff must allege a deprivation of a right secured by the Constitution or other law of the United States, and must show that the alleged deprivation was committed by a person acting under color or state law. *West v. Atkins*, 487 U.S. 42 (1988). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969. If Plaintiff files an amended complaint, he is reminded that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949-50. While factual allegations are accepted as true, legal conclusion are not. *Id*. Any amended complaint must meet this standard and Plaintiff must identify how each defendant's conduct resulted in a violation of his constitutional rights in order to state a cognizable claim under section 1983.

### i. *Judicial Immunity*

When deciding whether to file an amended complaint, Plaintiff is advised that, "[i]t has

6

long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions,'" *Miller v. Davis*, 521 F.3d at 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871); *Ashelman v. Pope*, 793 F. 2d 1072, 1075 (9th Cir. 1988). Plaintiff makes several allegations against Judge Johnson in his complaints. However, these acts are functions performed by Judge Johnson in his judicial capacity and therefore, Judge Johnson is immune from suit. *See*, *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991) (judges retain their immunity when they are accused of acting maliciously or corruptly); *Ashleman*, 793 F. 2d at 1077 (judges retain immunity when acting in error).

*ii. Prosecutors and Public Defenders*

Furthermore, claims against the prosecutor and the public defender are not cognizable. State court prosecutors are immune from liability under 42 U.S.C. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 996 (1976) ( "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." ); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that prosecutors are immune from liability for damages under section 1983).

Similarly, civil rights claims under Section 1983 are also not available against public defenders because public defenders are private individuals for purposes of section 1983, and therefore do not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003). Thus, Plaintiff may not proceed under section 1983 against his public defender.

If Plaintiff is ultimately convicted and believes he had ineffective assistance of counsel,

there are ways to raise that issue on appeal in state court, and after that, potentially a habeas corpus petition as previously explained.

### iii. Excessive Force Claims

If Plaintiff wishes to pursue his claims of excessive force, he must file a separate case for each alleged incident. Furthermore, he must file any excessive force claims using a prisoner complaint form that will be sent to him.

With regard to his excessive force claims, Plaintiff is advised that wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, *Hudson*, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, *Wilkins*, 559 U.S. at 37, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9-10) (quotation marks omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

## III. LEAVE TO AMEND

The Court is dismissing Plaintiff's case, however, Plaintiff is given leave to amend his claims and file an amended complaint. If Plaintiff chooses to file an amended complaint, he shall carefully consider the guidelines set forth in this order and only file an amended complaint if he believes he can allege cognizable claims.

In deciding to do so, Plaintiff should be mindful that this Court is unable to transfer his criminal case here, or to issue orders to assist him with his criminal proceedings. Moreover, it is likely that any civil action related to ongoing criminal proceedings would either be dismissed, or

stayed pending the resolution of his state case for the reasons set forth above.

If Plaintiff files an amended complaint related to his criminal proceedings, the document shall bear the case number assigned to this action and be labeled "Third Amended Complaint." Plaintiff is hereby notified that any amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907, n. 1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the original complaint. See Local Rule 220.

If Plaintiff wishes to file a case based on excessive force, he must use the prisoner complaint form that will be sent to him, and he *shall not* include this case number on that form.

**IV. ORDER**

For the reasons set forth above, Plaintiff's Complaints (Docs. 1, 14, and 17) are DISMISSED WITH LEAVE TO AMEND. Any amended complaint shall be filed no later than **February 26, 2016 and be no more than twenty-five (25) pages**. **Failure to file an amended complaint by the date specified will result in dismissal of this action**.

Plaintiff's Motions to Change District and his Motion for Court Documents (Docs. 13 and 16) are also DENIED.

The Clerk of the Court is directed to send Plaintiff a prisoner complaint form that Plaintiff may use to address his excessive force claims.

Finally, Plaintiff is advised that he shall refrain from filing miscellaneous documents with the Court. The Court is not a repository for evidence. Plaintiff's filings shall be limited to filing any amended complaints (only after being given permission to do so), and related motions. Any improper filings will be stricken from the record.

IT IS SO ORDERED.

Dated: **January 14, 2016**  /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE