UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSELMO SOLORIO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHNSON et al.,<br><br>　　　　　　Defendants. | No. 1:15-cv-00657-DAD-EPG<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND CHANGE OF VENUE<br><br>(Doc. No. 11) |

Plaintiff Anselmo Solorio, appearing *pro se* and *in forma pauperis*, has filed several complaints in this action alleging claims relating to, among other things, his ongoing state criminal proceedings and the alleged use of excessive force by state officers against him while he was in pretrial detention. (*See* Doc Nos. 1, 14, 17.) On January 15, 2016, after conducting an initial review of plaintiff's complaints, the assigned magistrate judge issued an order dismissing plaintiff's complaints with leave to amend. (Doc. No. 20.) That order also denied plaintiff's motion requesting a change of district (Doc. No. 13) and motion for court documents (Doc. No. 16). (Doc No. 20.)

　Now before the court is plaintiff's motion for preliminary injunction and change of venue. (Doc. No. 11.) In light of the previously filed order dismissing each of plaintiff's complaints with leave to amend (*see* Doc. No. 20), there is currently no operative pleading before the court and no

1

actual case or controversy before the court. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United Separation of Church and State, Inc.*, 454 U.S. 464, 471, (1982). To satisfy the case or controversy requirement, the party invoking a court's jurisdiction must "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian Coll.*, 454 U.S. at 472. (citation and internal quotation marks omitted). "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).

Accordingly, for the reasons set forth above, and for the reasons set forth in the prior order addressing plaintiff's request for a change of venue with respect to his pending state criminal case (*see* Doc. No. 20 at 3–4), plaintiff's motion for a preliminary injunction and a change of venue is DENIED.

IT IS SO ORDERED.

Dated: **January 25, 2016**

                                        DALE A. DROZD
                                      UNITED STATES DISTRICT JUDGE