**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANSELMO SOLORIO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JUDGE JOHNSON, *et al.*,<br><br>　　　　　Defendants. | No. 1:15-cv-00657-DAD-EPG<br><br>**FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL THIS ACTION FOR A FAILURE TO PROSECUTE AND FOR FAILURE TO FOLLOW A COURT ORDER**<br><br>**OBJECTIONS DUE BY JULY 22, 2016** |

**I.　Introduction**

Plaintiff, proceeding *pro se* and *in forma pauperis,* filed several complaints alleging a civil rights action. (Docs. 1, 14, and 17). On January 1, 2015, the Court dismissed Plaintiff's pleadings with leave to amend and ordered that Plaintiff file an amended complaint no later than February 26, 2016. (Doc. 20, pg. 9). Plaintiff did not file an amended complaint as ordered.

On March 31, 2016, the Court issued an Order to Show Cause Why the Case Should Not be Dismissed for Failure to Follow this Court's order. (Doc.22). Plaintiff was ordered to file a written response to the Order to Show Cause, or in the alternative, file an amended complaint no later than April 29, 2016. (Doc. 22, pg. 1). Plaintiff was advised that failure to timely respond to the Order to Show Cause would result in dismissal of this action. (Doc. 22, lines 26-28). The

1

time to file a response to the order to show cause has elapsed and the Plaintiff failed to respond to file any response.

## II. Discussion

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). Further, a court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Pagtalunan v. Galaza,* 291 F. 3d 639 (9th Cir. 2002) (dismissal upheld for failing to timely file objections to a Report and Recommendation)*; Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F. 3d at 642; *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiff intends to prosecute this action. Although he filed numerous

2

documents in the beginning phases of this case, he failed to file the required pleading on two different occasions as ordered. The Court cannot continue to expend its scarce resources assisting a litigant who has not filed an operative pleading.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal. *Pagtalunan*, 291 F. 3d at 642 (quoting at *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). However, "unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan,* 291 F. 3d at 642 citing *Sibron v. New York*, 392 U.S. 40 (1968). Here, the delay is unnecessary and is caused by Plaintiff's failure to file an amended complaint.

The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his or her failure to obey the court's order will result in dismissal satisfies the "consideration of less drastic alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. In this case, the Court's order requiring that Plaintiff file an amended complaint or respond to the Order to Show Cause was clear that dismissal would result from non-compliance with the Court's order. (Doc. 22. Lines 26-28).

**III. Recommendation**

Based on the above, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice for Plaintiff's failure to comply with a court order and for his failure to prosecute this action. It is further recommended that if these Findings and Recommendations are adopted, the Clerk of the Court close this action.

These Findings and Recommendations are submitted to the district judge assigned to this

3

action, pursuant to 28 U.S.C. § 636(b)(1)(B).  No later than **July 22, 2016**, Plaintiff may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

    Finally, the Clerk of the Court is directed to serve these Findings and Recommendations on Plaintiff at the address noted on the docket.

IT IS SO ORDERED.

Dated:  **June 20, 2016**　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE